UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DAVIS, et al., | No. 2:16-cv-2599 KJM CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| NATIONSTAR MORTGAGE, LLC, et al., | |
| Defendants. | |

During the December 7, 2016 hearing on defendants' motions to dismiss and for judgment on the pleadings, plaintiffs represented that they had been receiving paid legal assistance in this matter from an individual named Alan M. Davis, a Los Angeles-based attorney working with the firm Professional Law Assist, LLC ("PLA"). More specifically, plaintiffs represented that they had paid Alan M. Davis roughly $6,000 to date for his professional services and that he has prepared certain documents for plaintiffs in connection with this action and communicated with counsel for some of the defendants named in this action[1] on plaintiffs' behalf regarding plaintiffs'

---

[1] The defendants presently named in this action are Nationstar Mortgage, LLC, Barrett Daffin Frappier Treder & Weiss, LLP, Mortgage Electronic Registration Systems, Inc., Ocwen Loan Servicing, LLC, and Indymac Bank, F.S.B.

1

mortgage loan at issue in this action.[2] Plaintiffs also provided the court with an Internet address for PLA, www.plassist.com, which they represented they used to initially contact and obtain assistance from Alan M. Davis. Counsel for several of the defendants confirmed that a person named Alan M. Davis had contacted them on plaintiffs' behalf regarding both this action and, more generally, plaintiffs' recent negotiations and other dealings with defendants regarding the mortgage loan at issue in this action. After the hearing, the court accessed the website plaintiffs provided and used the California State Bar website's attorney search function in an attempt to determine whether Alan M. Davis was permitted to practice law in this jurisdiction. The court was unable to make such a determination as PLA's website does not provide a list of attorneys or other staff associated with that firm, and the court's search on the California State Bar website did not show that someone with the name Alan M. Davis was licensed to practice law in California.[3]

Given the court's grave concerns about Alan M. Davis's and PLA's apparent paid, behind-the-scenes involvement in this action and the fact that their further off-the-record involvement in plaintiffs' dealings with defendants may frustrate the proper administration of justice in this action,[4] the court finds it appropriate, pursuant to 28 U.S.C. § 1651, to have PLA provide a declaration regarding its involvement in assisting plaintiffs in this action.

The All-Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

---

[2] As alleged in the complaint, the mortgage at issue is on the real property located at 106 Riverview Court, Winters, California 95694. The Deed of Trust for this mortgage was recorded on January 2, 2008, in the Yolo County Recorder's Office as Instrument No.: 2008-0000023-00.

[3] The court also searched using variations on the name Alan M. Davis and did not obtain any results that reliably demonstrate that there exists such an individual licensed to practice law in California and/or associated with PLA.

[4] In particular, the court is concerned that Alan M. Davis may be engaging in the unauthorized practice of law if he is not an attorney licensed to practice in this jurisdiction, or may need to make an appearance in this action as plaintiffs' counsel of record if he is an attorney properly licensed to appear in this court.

Federal courts "ha[ve] wide latitude under the All-Writs Act to construct any remedy necessary to 'achieve justice.'" United States v. Javanmard, 767 F. Supp. 1109, 1111 (D. Kan. 1991). The United States Supreme Court has authorized the use of the All-Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

Based on the parties' representations set forth above, the court is concerned that the proper administration of justice in this action will be frustrated without further clarification from PLA and Alan M. Davis regarding their purported involvement in assisting plaintiffs regarding this matter.

Accordingly, it is HEREBY ORDERED that:

1. Based on the parties' representations set forth above, and pursuant to 28 U.S.C. § 1651(a), PLA is directed to file with the court a declaration of its knowledge, if any, regarding Alan M. Davis's and its own involvement with the plaintiffs with regard to this action and in dealing with defendants regarding plaintiffs' mortgage loan on the real property located at 106 Riverview Court, Winters, California 95694 that is at issue in this action. This declaration should include a description of what work, if any, Alan M. Davis and/or another representative of PLA have done on plaintiffs' behalf with regard to this action or, more generally, the mortgage loan on the real property located at 106 Riverview Court, Winters, California 95694 that is at issue in this action. The declaration should also include a description of any contact Alan M. Davis and/or PLA have made on plaintiffs' behalf with defendants or any counsel representing any defendants in this action with regard to this action or the mortgage loan at issue.[5]

/////
/////
/////

---

[5] Ideally, if Alan M. Davis is associated with PLA, he should be the one to provide the declaration on PLA's behalf.

3

2. If Alan M. Davis is not associated with PLA, either as an attorney or in some other capacity, PLA shall state as much in its declaration and identify any other of its employees, contractors, or other represantatives who have assisted plaintiffs with regard to this action or, more generally, the mortgage loan at issue.[6]

3. If Alan M. Davis is an employee of/contractor for PLA, is licensed to practice law in this or another jurisdiction, and is assisting plaintiffs regarding this matter, PLA shall show cause why Alan M. Davis should not be ordered to appear in this action as plaintiffs' counsel of record.  Similarly, if another attorney associated with PLA is assisting plaintiffs in this matter, PLA shall show cause in a similar fashion with regard to that individual.

4. If Alan M. Davis is an employee of/contractor for PLA and is not licensed to practice law in this or another jurisdiction, PLA shall show cause why Alan M. Davis's apparent paid, off-the-record representation of plaintiffs in this matter does not constitute the unlawful practice of law and should not be referred to the appropriate authorities as such.  Similarly, if another non-attorney employee of/contractor for PLA is assisting plaintiffs in this matter, PLA shall show cause in a similar fashion with regard to that individual.

5. PLA shall file on the docket in this action its declaration addressing the matters set forth above within 30 days of the date of this order.

6. In addition to serving the parties to this action, the Clerk of the Court is also directed to serve this order by mail upon Professional Law Assist, LLC, 4032 Wilshire Blv., Suite 311, Los Angeles, CA 90010.

Dated:  December 9, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 davis2599.allwritsorder

---

[6] Of course, if PLA honestly believes that nobody associated with it has assisted plaintiffs in the manner set forth above, it shall provide in its declaration a statement to that effect.