UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DAVIS, et al., | No. 2:16-cv-2599 KJM CKD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| NATIONSTAR MORTGAGE, LLC, et al., | |
| Defendants. | |

Defendant Ocwen Loan Servicing, LLC's ("Ocwen") motion to dismiss and defendants Nationstar Mortgage, LCC's ("Nationstar"), Mortgage Electronic Registration Systems, Inc.'s ("MERS"), and Barrett Daffin Frappier Tredder & Weiss, LLP's ("BDFTW")[1] motion to dismiss came on regularly for hearing on August 16, 2017. (ECF Nos. 34, 36.) Present at the hearing, representing themselves, were pro se plaintiffs Jason and Joann Davis. Present telephonically were Mike Aleali, representing Ocwen; Diane P. Cragg, representing Nationstar and MERS; and James T. Lee, representing BDFTW.

Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

---

[1] Although not initially a party to Nationstar's and MERS's motion to dismiss, BDFTW filed a notice of joinder to the motion on November 17, 2016, based on the assertion that the grounds for dismissal asserted in the motion as to those two defendants was equally applicable to BDFTW. (ECF No. 39.)

1

I. BACKGROUND

　　A. Procedural History

Plaintiffs, who are proceeding without counsel in this action, filed their complaint on September 13, 2016 in the Yolo County Superior Court, naming Nationstar, MERS, BDFTW, Ocwen, and Indymac Bank, F.S.B. ("Indymac") as defendants. (ECF No. 1-1.) While the case was pending in the state court, BDFTW timely filed a declaration of non-monetary status pursuant to California Civil Code § 2924l, and, therefore, is only a nominal party to this action not subject to monetary damages. (ECF No. 1-3.)

The action was subsequently removed to this court by defendants pursuant to this court's diversity jurisdiction. (ECF No. 1.) On November 7, 2016, defendants Nationstar and MERS filed a motion to dismiss, which defendant BDFTW subsequently joined. (ECF Nos. 7, 12.) On November 9, 2016, defendants Ocwen, and Indymac filed a motion for judgment on the pleadings. (ECF No. 10.) After a hearing on the motions, the undersigned recommended that the motions be granted, Indymac be dismissed without leave to amend, and plaintiffs be granted an opportunity to file an amended complaint against the remaining defendants. (ECF No. 27.) On May 12, 2017, District Judge Kimberly J. Mueller adopted the findings and recommendations (ECF No. 27) in full, dismissed Indymac without leave to amend, and granted plaintiffs an opportunity to file an amended complaint against the remaining defendants. (ECF No. 29.) Importantly, plaintiffs were granted leave based upon oral representations they made at the December 9, 2016 hearing. Specifically, the court found that:

> the allegations of plaintiffs' complaint fail to state even a single cognizable cause of action. However . . . Plaintiffs alleged at the hearing that their automatic monthly payments under the mortgage loan were not being credited to their account beginning as of the time of the initial transfer of interest, and the complaint shows that Nationstar, by care of BDFTW, deemed plaintiffs in default as of April 8, 2016. ([ECF No.1-1] at 55.) Based on these additional allegations plaintiffs provided at the hearing, it appears that plaintiffs may be able to state a cognizable cause of action against one or more of defendants Northstar, MERS, Ocwen, and BDFTW. Accordingly, the court recommends that the complaint be dismissed, but with leave to amend with regard to those defendants.

(ECF No 27 at 25–26.)

On June 12, 2017, plaintiffs filed their first amended complaint.  (ECF No. 32.)

Defendants Ocwen, MERS, Nationstar, and BDFTW subsequently filed motions to dismiss, which came on regularly for hearing on August 16, 2017.  (ECF Nos. 34, 36.)  At the hearing, the undersigned informed plaintiffs that the first amended complaint (ECF No. 32) was nearly identical to the original complaint (ECF No. 1-1), which had been dismissed.  Plaintiffs once again maintained that they have evidence that defendants failed to credit their account for mortgage payments plaintiffs had made.  The undersigned took the motions to dismiss under submission, but ordered the parties to confer regarding the alleged mortgage payments, and to report back to the court.  (ECF No. 49.)  Later that day, defendants reported that after the parties conferred on August 16, 2017, "[p]lainitffs agreed that the accounting on their loan is in fact accurate.  Plaintiffs do not contend to have records to controvert this fact."  (ECF No. 50 at 2.)  Plaintiffs have not disputed defendants' representation of their discussion.

B. First Amended Complaint

Plaintiffs' first amended complaint is nearly identical to their original complaint.  The only differences between the two are:  the elimination of any references to Indymac (compare ECF No 1-1, with ECF No. 32); the removal of paragraph 68, a conclusory statement regarding injury in fact (compare ECF No. 1-1 at 18, with ECF No. 32 at 14); and the omission of the recession cause of action (compare ECF No. 1-1 at 4, 30, with ECF No. 32 at 1).  Importantly, the common "factual and general allegations" set forth by plaintiffs in the first amended complaint are identical to those set forth in the original complaint.[2]  (Compare ECF No 1-1 at 7–11, with ECF No. 32 at 4–8.)

In brief, plaintiffs bring eleven causes of action related to the issuing and servicing of their December 24, 2007 mortgage loan:  (1) violations of California's Homeowners Bill of Rights; (2) negligence; (3) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (4) injunctive relief; (5) fraud in the concealment; (6) fraud in the inducement; (7) predatory lending practices; (8) constructive fraud; (9) slander of title; (10) quiet

---

[2] For a detailed summary of plaintiffs' factual allegations, refer to this court's December 9, 2016 findings and recommendations (ECF No. 27 at 3–5).

title; and (11) declaratory relief. (ECF No. 32 at 9–29.)

II.     LEGAL STANDARDS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P.

4

9(b). These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged"). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124.

III.  DISCUSSION

In their motions to dismiss, defendants point to plaintiffs' failure to amend their complaint in any meaningful way. Ocwen stresses that, "[i]ndeed, the only amendments to the FAC are the omission of Indymac Bank, F.S.B. ("IndyMac") as a defendant to this action and the removal of the rescission cause of action." (ECF No. 34 at 9.) MERS and Nationstar similarly point out that "[t]he FAC, however, does not cure any of the deficiencies in the Complaint. Instead, the allegations in the FAC are **identical** to the allegations in the Complaint. The only difference is that the references to IndyMac Bank, F.S.B. have been deleted from the allegations, and Plaintiffs' rescission claim against IndyMac Bank, F.S.B. is not re-pled in the FAC." (ECF No. 36 at 8 (emphasis in the original).)

This court extensively analyzed the failings of plaintiffs' original complaint (see ECF No. 27 at 11–25) and, therefore, finds it unnecessary to restate the deficiencies that remain in the functionally-identical first amended complaint. As outlined above, the only differences in the first amended complaint came through the deletion of one defendant, one cause of action, and one conclusory paragraph. Plaintiffs failed to add any new facts in the first amended complaint. Therefore, just as plaintiffs failed to "state even a single cognizable cause of action" in their original complaint (ECF No. 27 at 25), so too have they failed to state even a single cognizable cause of action in their first amended complaint. As such, the court recommends that plaintiffs' first amended complaint be dismissed.

Further, leave to amend was previously granted because plaintiffs asserted that they had additional information that would confirm that defendants had not been properly crediting plaintiffs' mortgage payments. (See Id.) However, plaintiffs have apparently admitted that the accounting on their loan is in fact accurate, as they have failed to dispute defendants' joint statement. (See ECF No. 50.)

Therefore, this court recommends that plaintiffs' first amended complaint be dismissed without leave to amend. See Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962) ("In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.")).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 34, 36) be GRANTED and plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND;

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 15, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/16-2599.davis v. nationstar.F&R re MTD